IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CRIMINAL NO. 98-40088-02-GPM |
| | ) |
| TOMMY M. MARTINEZ, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Defendant Tommy M. Martinez filed a *pro se* motion for retroactive application of the sentencing guidelines pursuant to 18 U.S.C. § 3582 (Doc. 352). In accordance with Administrative Order #102, the Office of the Federal Public Defender was appointed to represent Martinez on his motion (Doc. 355). Appointed counsel has now moved to withdraw on the basis that he can make no non-frivolous arguments in support of a reduction pursuant to 18 U.S.C. § 3582(c) (Doc. 462). *See Anders v. California*, 386 U.S. 738, 744 (1967). Martinez was given an opportunity to respond to counsel's motion to withdraw but did not do so in the time allotted.

On April 7, 2000, Martinez was sentenced to life imprisonment for conspiracy to distribute and distribution of crack cocaine. His base offense level was 38 because the offense involved over 1.5 kilograms of crack cocaine. His total offense level was 45, and with a criminal history category of III, Martinez's guideline range was life imprisonment.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant … has been sentenced to a term of imprisonment based on a sentencing range

that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied sub nom McKnight v. United States*, 129 S. Ct. 1924 (2009).

Martinez is not entitled to a reduction in his sentence because he cannot satisfy the first criterion of that statute; he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine. The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine. The amendments did not, however, reduce the sentencing range of defendants whose relevant conduct was 4.5 kilograms or more of crack cocaine. *See Forman*, 553 F.3d at 590 (stating that the amendment "affects only defendants who are responsible for distributing fewer than 4.5 kilograms of crack cocaine"). Martinez was sentenced based on relevant conduct that included 9.23 kilograms of crack cocaine. Under the old and amended guidelines this relevant conduct warranted a base

offense level of 38. *Even if* this Court had found that Martinez's relevant conduct exceeded 1.5 kilograms of crack cocaine but did not make a specific finding that it exceeded 4.5 kilograms of crack cocaine, the result would be no different. Such a scenario would result in a base offense level of 36 and a total offense level of 43; the guideline range still would be life imprisonment. It is well-settled that this Court is not authorized to sentence Martinez below the amended guideline range. *See Dillon v. United States*, 130 S. Ct. 2683 (2010); *see also United States v. Cunningham*, 554 F.3d 703 (7th Cir.), *cert. denied* 129 S. Ct. 2826 and 129 S. Ct. 2840 (2009). The amendment did not lower Martinez's guideline range, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction. The Court lacks subject matter jurisdiction to consider his reduction request. *See Forman*, 553 F.3d at 588; *Lawrence*, 535 F.3d at 637-38.

Accordingly, the motion for a sentence reduction (Doc. 352) is **DISMISSED** for lack of jurisdiction. The motion to withdraw (Doc. 462) is **GRANTED**, and Attorney Steven C. Williams and the Office of the Federal Public Defender are **withdrawn** from their representation of Martinez in this matter. The Clerk of Court is **DIRECTED** to mail a copy of this order to Defendant Tommy M. Martinez, #04517-025, USP Terre Haute, United States Penitentiary, P.O. Box 33, Terre Haute, IN 47808.

**IT IS SO ORDERED.**

DATED: 12/28/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge