UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
|      Plaintiff, | |
|      v. | Case No. 98-cr-40088-002-JPG |
| TOMMY M. MARTINEZ, | |
|      Defendant. | |

### MEMORANDUM AND ORDER

This matter comes before the Court on consideration of defendant Tommy M. Martinez's *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (2015) (Doc. 482). The Federal Public Defender was invited to appear for the defendant but has not taken up that invitation. The Government has not responded to the defendant's motion.

The defendant was convicted of one count of conspiracy to distribute and possess with intent to distribute crack cocaine and one count of distribution of crack cocaine. At sentencing, the Honorable G. Patrick Murphy adopted the presentence investigation report's relevant conduct finding of 9.23 kilograms of crack cocaine, which under U.S.S.G.[1] § 2D1.1 yielded a base offense level of 38. His offense level was increased by 2 points under U.S.S.G. § 2D1.1(b)(1) because the defendant possessed a firearm during his offense, by 3 points under U.S.S.G. § 3B1.1(b) because the defendant was a manager or supervisor of criminal activity involving 5 or more participants and by 2 points under U.S.S.G. § 3C1.1 for obstruction of justice. This yielded a total offense

---

[1] Unless otherwise noted, the references to the U.S.S.G. in this order are to the 1998 version.

level of 45, which, considering the defendant's criminal history category of III, yielded a guideline sentencing range of life in prison.   The Court imposed a sentence of life on the conspiracy charge and 240 months, the statutory maximum, on the distribution charge, to be served concurrently.

The defendant now asks the undersigned judge, who has inherited this case after Judge Murphy's retirement, to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence. Amendment 782 amended U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower some base offense levels associated with various relevant conduct drug amounts.   The relevant parts of Amendment 782 are retroactive.   *See* U.S.S.G. § 1B1.10(d) (2015).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ."   In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."   18 U.S.C. § 3582(c)(2).   Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:   (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.   If an amendment does not lower the defendant's applicable guideline range, the Court cannot grant a sentence reduction. *United States v. Taylor*, 778 F.3d 667, 762 (7th Cir. 2015).

The Court cannot grant a reduction for the defendant because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."   18 U.S.C. § 3582(c)(2).   When the defendant was sentenced, his relevant conduct of 9.23 kilograms of crack cocaine warranted a base

offense level of 38 because it fell into the category of "1.5 KG or more of Cocaine Base." U.S.S.G. § 2D1.1(c)(1).   It is true that under Amendment 782, the defendant's relevant conduct warrants a lower base offense level of 36 because it falls into the category of "At least 8.4 KG but less than 25.2 KG of Cocaine Base."   U.S.S.G. § 2D1.1(c)(2) (2015).   However, after the defendant's 7-point sentencing enhancements are considered, his total offense level would be 43, where the guideline sentencing range for a criminal history category III defendant is still life in prison.   Thus, his sentencing range was the same before and after Amendment 782.

Because the defendant cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court cannot reduce his sentence by virtue of Amendment 782. *See Taylor*, 778 F.3d at 762.   The Court therefore **DENIES** the defendant's motion for a sentence reduction (Doc. 482).

**IT IS SO ORDERED.**
**DATED:   January 13, 2016**

                                                  s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**